## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRCT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JACOB MCCUTCHEON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| **DELAWARE NORTH** | ) | |
| **COMPANIES TRAVEL HOSPITALITY** | ) | |
| **SERVICES, INC,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff **Jacob McCutcheon**, files this complaint against above-named Defendant, Delaware North Companies Travel Hospitality Services, Inc as follows:

1.

This is a premise liability case brought to hold Defendant accountable for its negligent acts causing Plaintiff Jacob McCutcheon to slip and fall, causing injury to his shoulder, elbow, wrist and hand at the Hartsfield Jackson International Airport on April 7, 2023.

2.

Plaintiff is a resident of the state of Louisiana. He is subject to the jurisdiction of this Court.

3.

Defendant Delaware North Companies Travel Hospitality Services, Inc. (hereinafter "Delaware North") is a for-profit corporation organized under the laws of the State of Delaware. Service of process may be perfected upon Defendant Delaware North through its registered agent, Cogency Global, Inc, 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Ga. 30076.

4.

The United States District Court for the Northern District of Georgia, Atlanta Division, has subject matter jurisdiction in this case under 28 U.S.C. § 1332, in that there is complete diversity among the parties and they are not residents of the same state, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5.

When served, all Defendants will be subject to the jurisdiction of this Court.

6.

Venue is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1402(b), because all acts, omissions, and acts of negligence alleged herein occurred in Clayton County, Georgia, within the Northern District of Georgia, Atlanta Division.

**FACTUAL ALLEGATIONS**

7.

Paragraphs 1-6 are hereby incorporated and re-alleged as though fully set forth herein.

8.

Hartsfield Jackson International Airport ("HJIA") is owned by the City of Atlanta and operated or managed through the city's Department of Aviation.

9.

At all relevant times, Plaintiff was at the airport as a passenger and was an invitee.

10.

On **April 7, 2023** Plaintiff **Jacob McCutcheon** was eating at the Concourse D Food Court located at Hartsfield-Jackson International Airport, when he slipped on the wet floor and fell.

11.

An employee for Delaware North Company, Jane Doe, was mopping the floor in the area where Plaintiff fell; however, she failed to place any signs that warned of any hazards.

12.

When Plaintiff McCutcheon got up and reported the fall to Jane Doe, she replied that she did not place any warning signs near him because there were not enough signs available.

13.

As a result of the slip and fall, Plaintiff McCutcheon sustained injuries to his shoulder, elbow, wrist, and hand.

14.

In-depth examinations revealed Plaintiff McCutcheon has experienced multiple musculoskeletal issues.

15.

Additionally, Plaintiff is suffering from generalized muscle weakness, there is also pain in his right elbow and right wrist.

16.

Scans revealed that Plaintiff has sustained significant injuries to his right shoulder, including a superior, anterior glenoid labral (SLAP tear), and rotator cuff tear, bone marrow edema, and a bone bruise on the humeral head.

17.

Plaintiff also has acute partial thickness tears in the supraspinatus, infraspinatus, and subscapularis tendons, Nondisplaced fracture of olecranon process without intraarticular extension of right ulna and Subluxation of midcarpal joint of right wrist.

18.

It was determined that Plaintiff's injuries would need surgical repair, so he underwent a right wrist arthroscopy with extensive debridement of the radiocarpal and midcarpal joints, this surgery involved an incision of the 3-4 and 6R portal to view and access the radiocarpal and midcarpal joints.

19.

To date, the Plaintiff McCutcheon has incurred over **$39,000.00** in medical expenses for the treatment of his injuries.

20.

Due to the severity and extent of Mr. McCutcheon's injuries, it has been advised by the **Louisiana Hand to Shoulder Center** that shoulder surgery may be necessary in the future to fully address the damage.

21.

Plaintiff McCutcheon is a pilot and currently serves in the United States Air Force National Guard.

22.

 As a result of his injuries, Plaintiff was put on restrictive status and was unable to fly due to the pain and ongoing complications with his hand, arm, shoulder, wrist and elbow.

23.

Plaintiff's right wrist arthroscopy significantly interfered with his ability to fly a plane due to the essential role the wrist plays in operating flight controls.

24.

Plaintiff **McCutcheon's** injuries were painful and affected his activities of daily living.

## PREMISES LIABILITY AND NEGLIGENCE

25.

Plaintiff McCutcheon incorporates by reference the allegations of paragraphs one (1) through twenty-seven (27) above as if fully set forth herein.

26.

Defendant Delaware North owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

27.

Though an owner or occupier is not an insurer of an invitee's safety; the law does require that she/he use such diligence toward making the premises safe. Kouche v. Farr, 730 S.E.2d 45 (2012).

28.

A wet floor in the vicinity of invitees with no warning sign nearby is a hazard.

29.

Defendant should have known of the hazardous conditions that caused Plaintiff's fall.

30.

As a result of the Defendant's breach, Plaintiff had no notice or warning of the wet floor prior to slipping and falling.

31.

Defendant Delaware North was negligent in training and supervising the female employee who failed to place a warning sign near the wet floor.

32.

Plaintiff sustained catastrophic injuries as a direct and proximate cause of the Defendant's

breach of duty.

## DAMAGES FOR WHICH DEFENDANTS ARE ACCOUNTABLE

33.

Plaintiff McCutcheon re-alleges and incorporates herein the allegations contained in paragraphs one (1) through thirty-two (32) above as if fully restated herein.

34.

The negligence of Defendant is the sole, direct and proximate cause of Plaintiff's injuries to his shoulder, elbow, wrist, and hand.

35.

As a result of the subject incident, each Plaintiff experienced physical pain and suffering for which Defendant is liable.

36.

Plaintiff has sustained and continues to suffer emotional and mental pain and suffering as a result of the Defendant's negligence is entitled to recover damages.

37.

Plaintiff has incurred past medical bills of more than $39,000, an amount for which he is entitled to recover.

38.

Plaintiff's injuries have affected his ability to do his job of flying an aircraft and is entitled to be compensated for it.

39.

Plaintiff's is entitled to be compensated for any future medication, therapy and surgery.

40.

Plaintiff McCutcheon is entitled to recover exemplary damages from the Defendants in order to penalize, punish and deter Defendants from engaging in similar conduct in the future.

WHEREFORE, having stated his Complaint, the Plaintiff prays as follows:

a.    that process issue and the Defendants be served as provided by law;

b.    that Plaintiff recover from the Defendants for his medical expenses, lost wages, and be awarded general damages to compensate him/her for pain and suffering;

c.    that Plaintiff recover his expenses of litigation, including reasonable attorney fees;

d.    that Plaintiff have trial by jury; and

e.    that Plaintiff have such other and further relief as the Court may deem just.

Respectfully submitted,

/s/ Titus T. Nichols
Titus T. Nichols
Georgia State Bar No. 870662

**NICHOLS INJURY LAW, P.C.**
1000 Whitlock Ave.
Suite 320
Marietta, Georgia 30064
678-722-5311 (ph)
470-632-4446 (fax)
Titus@nicholsinjury.com

COUNSEL FOR PLAINTIFF